Good morning, and may it please the Court, Counsel. My name is Jesse Buss for Appellants, and I have with me in the courtroom today two of my clients, Gina Gonzalez and Adam Morrow. Unlike the case you just heard, this matter never made it anywhere close to trial, didn't make it to summary judgment either. This is a motion to dismiss. It's an elections law and First Amendment case. My clients challenged the state statute limiting the time allowed to gather recall petition signatures to 90 days. That statute is ORS 249-875. There were as-applied challenges and facial challenges under both the Oregon Constitution and the First Amendment and 14th Amendment. The as-applied challenges were dismissed, and those are not at issue on appeal. We're only here on the facial challenges. The district court dismissed the facial challenge under the First Amendment for failure to state a claim. The court found that the complaint did not allege enough facts and denied leave to amend. The district court dismissed the facial challenge under the Oregon Constitution based on lack of jurisdiction, specifically the 11th Amendment, finding that the city of Oregon City is immune to suit in federal court on state law claims, essentially the Pennhurst Doctrine. I'll start with the last issue, which is the 11th Amendment and state law claims. This comes down to, is the city of Oregon City an arm of the state? And I'll address Judge Owen specifically here, because he has special knowledge on this issue. Just a few months ago, and pursuant to the state's supplemental memo filed recently, the Mitchell test, which used to govern this analysis, has recently been overruled and is now governed by, I don't know if it's Cone or Con. Cone. Cone, the Cone case, now governs. So instead of the Mitchell five-factor test, we have the Cone three-factor test. Now, that three-factor test was not applied by the district court. Obviously, it didn't exist at the time, but neither was the Mitchell test applied at the time, which absolutely applied until Cone was decided. So although the briefing addressed the Mitchell test, we're pivoting now, here at Oral Argument, to the Cone test, because that's the governing law. So are we sure that the — is that not for, like, a quasi-private, quasi-state entity rather than a city? I mean, there's nothing private about the city. I don't think there's a question of whether there's a private entity involved, Your Honor. I think we've sued the city of Oregon City here through the city recorder. The Cone test does apply. What tells us, though? I mean, the bar — the question there was whether the bar is part of the state, and the bar is sort of a — I mean, arguably sort of a private entity and sort of a state entity. The court held it was a state entity enough, but there's nothing equivalent here where it's like, is the city really a club or something? Well, I will agree with you for a different reason, Your Honor, and I think although there's been a change in the law, Cone has replaced Mitchell, neither test is really necessary to apply here. There's no reason for you to remand to the court for application of this test because it's a well-established law going back to the 1800s that municipalities are simply not subject to Eleventh Amendment immunity. So I can cite some cases that there's Lincoln County v. Looning. That's the 1890 case. Moore v. County of Alameda. Fitzpatrick v. Bitzer. Mount Healthy City School District. So I feel like the issues are a little out of order in the way I've been thinking of them here to start with this one. So we need to talk about the other issue at some point. But so let's assume for a moment that the federal claims need to be dismissed for some reason or another. I know you won't want us to say that, but say that all the federal claims need to be dismissed and all that was left was the state law claim. Do you even want that state law claim to stay in federal court, or would you be happier for it to be in state court? Because it seems like you want us to certify the state question to state court, which makes me think if all that was left in this case was the state law claim, no one even wants it to stay in federal court. Agreed, Your Honor. I don't think we need to talk about that. There would be no pendant jurisdiction, no reason for the federal court to keep just state law claims if there was not a federal claim. This isn't a diversity action. This is federal question. And so if that was all that was left, could you just voluntarily dismiss it and refile your state law claim in state court? We could do that, Your Honor. There's actually a state court case that's quasi-stayed right now in Clackamas County Circuit Court, Oregon State Court, just on the state law claims, which is not doing anything awaiting a resolution of this case. Let me ask you, I think we issued a focus order in this case. I'm sorry, Your Honor? I believe we issued a focus order in this case asking the parties to address Monell liability and whether this is the proper. I think with the time you have in light of that focus order, I would focus on that. Absolutely, Your Honor, which brings me to my next point. Actually, Monell is one of those cases in the list I was going through that specifically says municipalities are not subject to Eleventh Amendment immunity. So that's, in a way, a red herring here. The district court got that wrong, got the Eleventh Amendment immunity analysis wrong. But I think we should be able to agree that municipalities are not subject to Eleventh Amendment immunity. So Monell should be really the focus. But Monell did say in footnote 54 that there's no basis for concluding that Eleventh Amendment is a bar to municipal liability. And moving on to your focus order, under Monell, municipalities are liable for damages under section 42 U.S.C. section 1983 in three situations. The first is when a plaintiff is deprived of a federal constitutional right pursuant to an expressly adopted local official policy or by a longstanding practice or custom or by the decision of a final policymaker. Here we have an official policy. Section 26 of the Oregon City Charter says, quote, except as this charter provides otherwise and as the commission provides otherwise by ordinances relating to elections, the general laws of the state shall apply to the conduct of all city elections, recounts, and returns therefrom, and contests thereof. So that's the local hook. Is your client suing because of that local hook or isn't the client suing because they don't like Oregon law, state law? Well, both, Your Honor. So the, this Oregon City Charter has stated expressly, we as a city are going to adopt the Oregon state statutes and use those to govern our elections. But don't, I mean, but don't they have to do that anyway? I mean, can an Oregon, can a city say we're actually not going to follow state law? They can, Your Honor. That comes down to the Oregon rule, I'm sorry, Oregon Home Rule Authority. Under the Oregon Constitution, it's well established that local governments have the ability and the exclusive lawmaking power for some areas of law. And that's under the case of City of La Grande and Astoria versus the Public Employees Retirement Board. It's a 1978 Oregon Supreme Court case. That case drew a distinction between local substantive laws, which can be governed by the State, and local procedural laws. Regarding procedural laws, the Court opined that whenever State law affects, quote, the structure and procedures of local government, the law violates the locality's home rule authority unless the law is justified by a need to safeguard the interests of persons or entities. So let me just jump in. Has any of this been briefed? It was briefed in the District Court, Your Honor. But not to this Court? Not to this Court, Your Honor. This goes to the Monell issue, which the Court only asked recently for us to address. So it's not in the briefing. I just want to make sure I had missed something. I did look at the District Court briefing on this, so I do know about the City of La Grande case you're talking about. And I think you were just getting to the point that there are exceptions for when the State can override the local law, and it includes when there's an area of substantive regulatory interest by the State. And I don't really understand why this wouldn't be one of them. Like, why doesn't the State have an interest in making sure that recall procedures are fair and that they're not taken advantage of or manipulated? I mean, it seems like these are some pretty basic rules about how they should work. Judge Friedland, certainly the State has that interest at the State level, because the recall right under the Oregon Constitution applies at every level of Oregon government. Certainly they can regulate at the State level. But at the local level, the City has its own separate interests. The State has no interest, certainly not one they've articulated, in the need to regulate locally. And specifically, below in the District Court, the State said, this is at E.R. I'm sorry, 3 E.R. 354. The State says the recall goes to the very heart of Oregon's self-government, when and how it elects the officials who govern the State. The same is true at the local level. The recall right goes to the very core of who is elected and who represents and governs the City, because we're talking about recall of City commissioners here, and mayors in this case. So, and in the case of State X-Rail Postal Wait versus- But if we disagree with you about that, and we think the State has an interest, then the City policy saying we're going to follow State law kind of washes out because they didn't have a choice, and then there would be no Monell liability, right? Absolutely, Your Honor. And then we switch the analysis to Ex parte Young. Well, why don't you just lose at that point? Because if your claim here is against the City official in their official capacity, and under Monell we're supposed to treat that as a claim against the City, and if you can't meet the criteria for Monell liability, why don't you just lose? And why do you get to jump to Ex parte Young at that point? Because there are two frames here, Your Honor. There's a frame through Monell, which only governs Section 1983 claims. It doesn't govern State law claims. Then we switch to Ex parte Young because now we're back in Eleventh Amendment territory. Why, though? If the claim is a claim against the City, you have to satisfy Monell. If you can't, you lose. I'm not sure why all of a sudden we would talk about Ex parte Young. Because the lawsuit is solely directed against Katie Riggs, now Jacob Wiley, City recorder, in his official capacity. And the case law, federal case law, is very clear. If you sue a government officer in their official capacity, that's how you get Ex parte Young to apply. For a State official when you're trying to get around sovereign immunity, but when you're suing a City official in their official capacity, if we treat that as a suit against the City, we just look at it as a suit against the City. I'm not sure we ever have to talk about Ex parte Young. It becomes a suit against the City instead of a suit against the official. Well, Your Honor, the State has vigorously argued, and the City as well, throughout this litigation, that Ms. Riggs and now Ms. Wiley are acting as State officials for purposes of implementing the State statute that was challenged here. Yeah, it does seem like our question is getting at the idea that we might be worried that you guys have been focused on the wrong issues. So we understand that that's what everyone's been talking about, but is it the right issue? It seems like maybe the right issue here is Monell. Well, Your Honor, the way that the District Court wrote their findings and recommendations kind of framed the issues. The Court did rely on Ex parte Young. No, I agree 100 percent. I guess the question is, was the proper defendant sued here? Normally when we see these election cases, you're usually suing the Secretary of State or you're suing the Governor, not some local official about the efficacy or legality of a State-wide law. That's why I think the train kind of jumped the tracks. Typically, Your Honor, yes. However, when we're talking about the Ex parte Young exception, the only person that could have been sued under Ex parte Young was Ms. Riggs, now Mr. Wiley. Why not the Secretary of State of Oregon? Because under Article II, Section 18 of the Oregon Constitution, it's the local official that is given the responsibility for administering these election laws. So you're saying that under Oregon law, the local official is the equivalent of the Secretary of State? Under Article II, Section 18, yes. And you don't think you could have brought a challenge to the constitutionality of the State recall law by suing a State official, like the State Secretary of State or a State Attorney General or some other State official? Not in this case, Your Honor. That would not qualify under Ex parte Young. Under Ex parte Young, you have to sue the officer who's implementing the law. And the only person with authority to implement the law in this Oregon City recall case is the local recorder. And you're saying State law dictates that? Yes. And has, again, this discussion we're hearing, has any of this been briefed? I believe it has, Your Honor. To this Court? The Ex parte Young, no, that's in the district court. Again, the district court relied on Ex parte Young in even reaching the merits of the First Amendment. They relied on Ex parte Young. So if we think, though, that this has just gone in the totally wrong direction, because you chose to sue the City official, whether you had to do that or not, I'm not sure, but you did. And if that in an official capacity counts as a suit against the City, and so we're actually analyzing, should be analyzing this case under Monell and not under Ex parte Young, should you have needed to allege the City policy in your complaint? I mean, if you're under the completely wrong framework here, should you have a chance to amend, or is this not fixable? What should we do if we think this whole case has been litigated wrong? Well, we repeatedly, my clients, repeatedly ask the district court for leave to amend. There's no futility here, Your Honor. As is clear from this discussion, there's either Monell liability or there's Ex parte Young exception liability, one or the other. Well, either framework applies, but that doesn't mean there is liability. I'm not sure you've stated a claim. I am very skeptical that you've stated a claim under Monell. I'm not sure if you can help me with that, but so far you haven't shown me that there's a policy of the City that is really the problem here. Well, Your Honor, we may not have stated a claim under Monell. My clients, frankly, don't care much either way whether we proceed under Monell against the City directly or if there's an Ex parte Young exception, which means that Riggs was acting as an officer of the estate, of the state, excuse me. Either way is an avenue to challenging the state statute. The only difference between the two, and I see that I'm almost out of time. May I? You can keep going. Okay. The only difference between a finding of Monell liability and a finding that this claim should continue under Ex parte Young is the availability of retroactive damages relief. And in this case, the only damages my clients have sought are $1 in nominal damages. Under Ex parte Young, injunctive relief and declaratory relief are still available. That's what they really want here. So it doesn't matter whether you find that Riggs was a City official for purposes of enforcing the statute or whether she was a state official. Either way, we should be able to proceed to the merits. And again, I see I'm out of time, so I won't be able to address the merits of the first amendment. We'll give you two minutes for rebuttal. Thank you. May it please the Court. Counsel Benjamin Gutmann appearing on behalf of the State of Oregon. And I'll begin with the Monell issue, which I think is in a way the flip side of the Eleventh Amendment issue that we have briefed. And I guess we are sort of in a funny position where our view is that the city recorder in this particular instance is acting as a State official, which means that we're not in Monell territory. We're in Ex parte Young territory. And the prospective Federal claims should be addressed on the merits as they were in the district court. But I guess, I mean, if you disagree with that, then yes, I mean, I agree. You know, if you take plaintiffs at face value that they're actually intending to sue the city of Oregon City and not, you know, the State through a local official acting with their State official hat on, then they haven't stated a Federal claim for that reason as well. I'm just trying to understand Oregon law here because, again, it wasn't really presented to us this way. But hypothetically, I think that the City of Portland has an illegal or the State of Oregon has an illegal rule about parking in front of courthouses. And it's an Oregon law, and I don't like it. And I see the guy who's in charge of giving out tickets in Portland. If I'm challenging this law, this you can't park in front of courthouses law, I'm not sure the person I would be suing would be the person giving me the ticket on my car. It would seem to me if I'm challenging the Oregon law, I would want to challenge the Governor or the Attorney General or their Secretary of State. Am I wrong about that? Because normally when we see these election cases, we're not seeing the local county official or city official sued. It's just it's this, you know, superintendent of elections or something like that. Yes. I mean, I think you have to identify a State official who has enforcement authority. That's the proper defendant in an ex parte action. Again, we think that a city election official in this instance is the proper defendant in the ex parte action precisely because they are acting essentially as a State official. For the same reason that district attorneys may be technically local officials in California, as this Court has recognized, as a matter of State law, but they act as State officials when they bring proceedings in the name of the State. And so this Court has recognized in Wiener and cases like that, even though they might be nominally a local official as a matter of State law, they may actually be functioning as a State official for some purposes. We think that's exactly what's going on here, and that's why. So in the cases that you've cited about that kind of thing where there's a local person, I thought they had more discretion, more policymaking authority. They're deciding who to charge or something. This person doesn't seem to have any discretion. So can you point to any case where a local official counts as a State official, even though they have no discretion? No, I'm not sure that I can, but I don't know that the discretion is what matters. What matters for purposes of ex parte Young is that they are the official enforcing the law. But if that's the case, then the guy who's passing out the tickets on the car in front of the courthouse would be the person you would sue to challenge the Oregon parking law. I can't imagine that's correct. Well, I'm having a little bit of trouble, you know, figuring out in that hypothetical exactly how the lines of authority would work back to figure out if that person would be the proper official. Isn't the easy answer is, well, you sue the State official who's in charge of that law. And if it's an election law, it's the Secretary of State. If it's a criminal law, maybe it's the Attorney General. I guess otherwise it seems to me you'd have these suits, these Federal suits against local officials constantly rather than against the State official who's actually in charge of the legislation. I mean, tell me if I'm wrong here, but I've never seen a case like this, an election case. It's always Secretary of State. I think it's typically the Secretary of State. I would agree with that. And is there any reason that the Oregon Secretary of State could not have been the defendant here? Well, I mean, the Secretary of State wasn't asked to do it. On the facts of this particular local election, I don't think anybody ever asked the Secretary of State to do anything. But it's a facial challenge to the State statute. A facial challenge. So it's the craziest thing. I mean, a facial challenge. There used to be an as-applied. Maybe that would be different, but that's out of our domain at this point. All we have is a facial challenge to the State statute. So why are we talking about the City? In fact, I think you're a lawyer for the State. The City's not even here. Right? It's weird. I think that's right. I mean, you'd have to establish a justiciable claim. You'd have to show standing and you'd have to show ripeness and all of those sorts of things. But, yes, if you could establish all of that and bring a facial claim, I can't think of a reason why you couldn't bring it against the Secretary of State. And the State intervened in this case because this is, yes, this is a State law, a constitutionality State law, quintessential State interest. We are the real party that has a stake in this. And, I mean, as I think you can see from the way the case has been litigated, the City doesn't really, except maybe at the margins. They're just following State law on this question. And under the 11th Amendment, if the State of Oregon is here, you can't be a defendant in this case. That's correct. Well, except the Secretary, a State official under ex parte. But correct. Right. The State can't be. Correct. And, again, I don't see a State official in this case. Correct. Unless there's something in Oregon law that says that Mr. Wiley is actually a State official. That is, that has been our argument all along here is, again, citing the, you know, McMillan and Weiner and cases like that, that even though somebody might be, that public officials can wear multiple hats and you might be a local official for some provision of and direction of a State official, you might be acting as a State official. But, so, like, I mean, those cases that you cited, though, as I said before, are about final policy makers. So, you know, district attorneys who are making charging decisions for the State. Sure. We don't have this person doing any decision-making for the State other than ministerial following the law. I would agree with that. So, it seems like those cases are not that helpful to tell us that this is how we should be. Well, look, I'm not going to, I mean, if the upshot of that is that plaintiffs sued the wrong person and the Federal claims ought to be dismissed on that basis, I'm certainly not going to, you know, fight the court on that. I mean, it seems like then we have to go down this Monell track because if we take it at face value, it really is a City official. And then in the official capacity, it really is the City. Now we're in Monell, and we have this, I think then we get to this home rule morass. Well, I mean, in theory could, but I guess what I would say about that is the magistrate judge found that this was not a City policy applying that, you know, that State law preempted local law on this particular issue. And that was not objected to in plaintiff's objections to the district judge. So I think you could just say that that issue is waived. I see. So then we just treat it as decided that it's really a State policy, not a City policy. So then they would fail under Monell if we just take that as given because then there's no City policy. Correct. And so, and then would your argument be they don't have a chance to amend to fix their Monell theory? It's too late? Or what do you think about that? Well, I mean, we do think it would be futile to fix it precisely because the magistrate judge got this right. I mean, first of all, there isn't, they haven't identified a City policy here at all. I mean, all they've identified is maybe in theory a City could choose to do something differently. But they haven't identified any respect in which Oregon City, in fact, has chosen to do something other than follow State law. Second, this is an area that I think you can read the statutes on their face. They pretty clearly, you know, cover the field here. And, I mean, I'm not aware of any municipality that tries to have, you know, preempt, to supersede State law or set aside State law in this area to do something that would be, like, longer. I mean, you know, maybe in theory they could have a shorter deadline, but I don't see any way they could have a longer deadline as a matter of law. I'm just curious. Why didn't you raise the waiver argument, the fact they didn't object to the findings in your arguments? Because this was never raised on appeal either. I mean, the way this case has been framed has been a dispute over the 11th Amendment. Again, our view is that the City recorder is acting as a State official for these purposes, and so the case should be analyzed in that way. I guess what I'm saying is if you disagree with that and you're trying to analyze the Minnell issue, then I think that really has fallen out of the case. But that's not our view of how the case ought to be analyzed. Okay. So if we, one way or the other, agree that the Federal claims have to be dismissed here, it seems like the plaintiffs would be willing to take their State claims to State court. Maybe they would voluntarily dismiss. Maybe the district court would say, I'm not going to exercise jurisdiction anymore. Do you agree that that would be okay? They could refile in State court, or are you going to say that it's too late to do that or that it's res judicata or something? Well, it wouldn't be. I don't think that would be res judicata. They have, in fact, filed in State court. We have a State court case with the same parties and the same issues that hasn't gone anywhere. There may be procedural bars to that case. I mean, there may be standing questions or ripeness questions or proper party questions, but I don't think there would be any jurisdiction. There wouldn't be anything about this case that would bar them from proceeding with that case. I just wanted to make sure that anything we do won't interfere with their ability to bring that claim in State court, which seems like is where it belongs. I don't see how it would. I mean, it was dismissed for lack of jurisdiction. I don't think that would have any sort of a stopping effect. If we say that they haven't succeeded in the elements of Monell, though, that might not actually be for lack of jurisdiction. That could be on the merits. Does that matter? It's still only the Federal claim that that would be true. It would be the Federal claim. Well, I suppose that could have preclusive effect on the question of whether they – who is the right defendant. I mean, if the reasoning of this Court is, at least for the purpose of the Federal claim, that this really isn't a proper suit against the local official but needs to be against the State official, I mean, I suppose that could control. Well, no, I think if we said Monell, we would say this is a suit against the City and they haven't met the claims for the elements of a suit against the City, so they lose. If we did that, would it have any effect on their State law claim in State court? I think it might in theory have an impact on the question of who the proper defendant in State court is to the extent – maybe it wouldn't, but I think it might depend on exactly what this Court said and whether it explicitly or implicitly said that, you know, the – but I don't think it would necessarily. I mean, that would be a ruling as a matter of fact. Who is currently the defendant in State court? It's the City recorder. And not a State official. No. The State has intervened in that case as well. So. So that suit could then proceed against the State in State court and we would avoid this whole issue because there would be no Eleventh Amendment issue. There would be no Eleventh Amendment issue. I mean, again, there may be – that suit was filed long after the events at issue here. I think there may be some standing questions about that, but that – you know, that – those would be procedural issues sort of unrelated to the merits of this Federal case. What would the dismissal of this case affect? Any relief that could be obtained in State court? I don't think directly, no. I mean, the relief that could be obtained in State court would be governed by the State laws. I guess I will point out that if you get – if you get to that stage where you've dismissed the Federal claim and you're trying to figure out what to do about the State claims, there is a passage in Pennhurst that discusses this issue. Pennhurst, of course, was the case about the, you know, the ability to sue State officials for violation of State law. There were local or county officials in that case as well, and the Court said, you know, we've been asked to allow this suit to proceed just against the county officials on the State claims. We don't think that would be appropriate because there's no way to provide effectual relief in a program where there is county and State intertwined involvement. And that would, again, be the same here. And that was as a matter of pendant jurisdiction, which we now call supplemental jurisdiction. So the Court there says at this – at that point when that's all that's left, we should just not exercise supplemental jurisdiction. Correct. And so that would be what we could let the district court decide that, or would you say that we should say there's no supplemental jurisdiction or let the district court decide that? I mean, I think you could let the district court decide that. I think it would be an abuse of discretion for the district court to exercise supplemental jurisdiction with all the Federal claims dismissed at a motion-to-dismiss stage with – It also seems like no one even wants them here. Correct. And in – so I'm having trouble seeing how anything we say about a Federal claim needing to be through Monell and not succeeding could have anything to do with the State law claim posture in the State court. I can't quite see how what we would say about the Federal claim proper defendant would affect that. But even if it somehow could, could they add a State defendant in their State case if they needed to? They might be able to. Yeah. Yeah, or bring a different case. I'm happy to address the merits if the Court would like, but it seems like that might not be helpful here. I'm certainly happy to address any other questions that the Court has about this. No, thank you very much. Thank you. With my two minutes, I'd like to address Ex parte Young again, because I think, based, Judge Friedland, on your comment about your skepticism of a Monell claim, you know, the best chance of success here is under Ex parte Young. And clearly, the law is very well established under Ex parte Young. The proper defendant, as just acknowledged several times by my able opponent, is that the proper defendant is the person enforcing the State law. Here, the person enforcing the State law was Katie Riggs, the city recorder. And I'll draw your attention to some Ninth Circuit cases. One is Moore v. Urquhart, 899 F3, 1094. That's 2018. Are any of these cases going to be against local officials when, what, the challenge is the constitutionality of a State law? Yes. Oh, which one? Maybe not the constitutionality. No, yes, they are, Your Honor. So I'll just quote from that case, from Moore. Quote, actions under Ex parte Young can be brought against both State and county officials. Not city, but county. See Planned Parenthood of Idaho v. Waston, 376 F3, 908. That's Ninth Circuit, 2004. So it is unnecessary for us to resolve the party's dispute over whether the sheriff acts on behalf of King County or the State of Washington when he executes writs of restitution. The only issue, again, under Ex parte Young, is whether the sheriff had at least some connection to enforcement of the allegedly unconstitutional eviction procedure as authorized by the State statute. But, again, let me jump in. That, when a sheriff does an eviction, that's a discretionary decision, right? The sheriff has authority whether they're going to evict or not evict. In this case, this goes back to Judge Friedland's question from before. Was there any suggestion that the state, that the local official here had any discretion, much like someone who's a sheriff or a police officer would, or district attorney? Under the terms of the challenged State statute, no, Your Honor, there's no discretion. But I would submit that discretion has nothing to do with Ex parte Young. It's just not part of the analysis. So to finish my quote, the sheriff's role in executing those writs makes him a proper defendant in an Ex parte Young suit seeking to enjoin enforcement of the State statute. And there's other citations in the Moore case as well. So here, as there, the proper defendant in an Ex parte Young suit is the enforcing officer. Here, that's Riggs. If we had sued the Oregon Secretary of State, that would not have been a proper defendant, and they would have been properly subject to dismissal as a defendant. But I want to point out that even if we had sued the Secretary of State in her official capacity, that is the same under the law of the State of Oregon and the Ninth Circuit as suing the State of Oregon. And here we have the State of Oregon as an intervener defendant. So they are in this case. We have — we didn't originally sue the State as such, but they are here. You can grant the relief. Thank you. All right. Thank you, counsel. Thank you to both of you for this mind-bending Fed courts case. This matter is submitted, and we'll go on to the last case for today.
judges: OWENS, FRIEDLAND, Rayes